IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATHERYN LONGINO, § § Plaintiff, § § v. § § SELECT PORTFOLIO SERVICING, § INCORPORATED; U.S. BANK, N.A., § AS TRUSTEE FOR SECURITIZED § TRUST HOME EQUITY ASSET TRUST § 2006-2 TRUST; and MORTGAGE § ELECTRONIC REGISTRATION SYSTEM § ("MERS"), § § Defendants. § | CIVIL ACTION NO. H-18-1418 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Catheryn Longino ("Plaintiff") sued defendants Select Portfolio Servicing, Inc. ("SPS"); U.S. Bank, N.A., As Trustee for Securitized Trust Home Equity Asset Trust 2006-2 Trust (the "Trustee"); and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") alleging that Defendants are improperly attempting to foreclose on her real property located at 3373 Ozark Street, Houston, Texas 77021 (the "Property").[1] Pending

---

[1]The Property is more particularly described in the subject Texas Home Equity Security Instrument (the "Security Instrument") recorded in the real property records of Harris County, Texas, in Instrument Number Y771528 as:

> Lot Forty (40), and the adjoining West Fifteen (15) feet of Lot Forty-One (41), in Block Forty-Nine (49), of the amended plat of Block Forty-Nine (49), of Riverside
> (continued...)

before the court is Defendants' Motion for Summary Judgment on All Claims and Counterclaims and Brief in Support ("Defendants' MSJ") (Docket Entry No. 22). For the reasons explained below, Defendants' MSJ will be granted.

## I. Factual and Procedural Background

On September 7, 2005, Plaintiff executed a $214,400.00 Texas Home Equity Note (the "Note") in favor of her original lender, Home Loan Corporation d/b/a Expanded Mortgage Credit (the "Original Lender").[2] The Note was secured by the Security Instrument,[3] which established a first lien on the Property.[4] During the closing Plaintiff signed a Texas Home Equity Affidavit and Agreement (the "Affidavit").[5] Plaintiff also signed a Texas Home Equity Fair Market Value Acknowledgment ("FMV Acknowledgment"), in which she

---

[1](...continued)
Terrace Section Nine (9), a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 998, Page 135 of the Deed Restrictions of Harris County, Texas.

[2]See Plaintiff's First Amended Complaint ("Amended Complaint"), Docket Entry No. 15, p. 3; Texas Home Equity Adjustable Rate Note ("Note"), Exhibit 1-A to Declaration of Select Portfolio Servicing, Inc. ("SPS Declaration"), Docket Entry No. 22-1, p. 4.

[3]The Note and the Security Instrument are referred to collectively herein as the "Loan."

[4]See Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 22-1, p. 9.

[5]See Affidavit, Exhibit 1-C to SPS Declaration, Docket Entry No. 22-1, pp. 25-28.

acknowledged that the value of the Property upon closing was $268,000.00.[6] The Original Lender ordered an appraisal prior to closing that confirmed that the fair market value of the Property was $268,000.00.[7] On February 22, 2010, the Loan was assigned to the Trustee by MERS as nominee of the Original Lender.[8] On that same date Plaintiff and the Trustee executed a Home Affordable Modification Agreement ("Loan Modification Agreement").[9] SPS is the current Mortgage Servicer and Attorney-in-Fact for the Trustee.[10]

The Trustee and SPS allege that Plaintiff defaulted on the Loan and that all payments since July 1, 2012, are past due.[11] SPS sent a Notice of Default to Plaintiff via certified mail on April 3, 2014.[12] A Notice of Acceleration was mailed to Plaintiff

---

[6]See FMV Acknowledgment, Exhibit 1-D to SPS Declaration, Docket Entry No. 22-1, p. 29.

[7]See Appraisal of Real Property ("Appraisal"), Exhibit 1-E to SPS Declaration, Docket Entry No. 22-1, pp. 31-45.

[8]See Assignment of Deed of Trust/Transfer of Lien ("Assignment by Original Lender to Trustee"), Exhibit 1-F to SPS Declaration, Docket Entry No. 22-1, p. 46.

[9]See Loan Modification Agreement, Exhibit 1-G to SPS Declaration, Docket Entry No. 22-1, p. 48.

[10]See Limited Power of Attorney, Exhibit 1-J to SPS Declaration, Docket Entry No. 22-1, p. 69.

[11]See Defendants' MSJ, Docket Entry No. 22, pp. 1, 3; Demand Letter—Notice of Default ("Notice of Default"), Exhibit 1-H to SPS Declaration, Docket Entry No. 22-1, p. 57.

[12]See Notice of Default, Exhibit 1-H to SPS Declaration, Docket Entry No. 22-1, pp. 55-56.

via certified mail on February 5, 2018.[13] The amount due under the Loan as of March 2, 2019, was $369,486.11, and per diem interest continues to accrue in the amount of $16.66 per day from March 2, 2019, until the amount due on the Loan is paid.[14]

On March 9, 2018, the Trustee filed suit in the 133rd District Court of Harris County, Texas, to initiate the foreclosure process.[15] The Trustee's lawsuit was dismissed in accordance with the Texas Rules of Civil Procedure when Plaintiff filed this action in the 334th District Court of Harris County, Texas.[16] On April 10, 2018, the action was transferred to the 133rd District Court.[17] Defendants timely removed the action on May 3, 2018.[18] Defendants filed their MSJ on February 22, 2019, arguing that the court should grant summary judgment for Defendants because no genuine issues of material fact remain with respect to the claims in Plaintiff's Amended Complaint.[19] Plaintiff filed a response contesting

---

[13]See Notice of Maturity/Acceleration of Texas Non-Recourse Loan ("Notice of Acceleration"), Exhibit 1-I to SPS Declaration, Docket Entry No. 22-1, pp. 64-66.

[14]See Payoff Statement sent to Plaintiff by SPS [January 31, 2019], Exhibit 1-K to SPS Declaration, Docket Entry No. 22-1, p. 70.

[15]See Amended Complaint, Docket Entry No. 15, p. 3.

[16]See Defendants' Notice of Removal ("Notice of Removal"), Docket Entry No. 1, p. 1.

[17]See id.

[18]See id. at 1-2.

[19]See Defendants' MSJ, Docket Entry No. 22.

Defendants' MSJ on March 29, 2019, and attached a number of documents as evidence.[20] Defendants filed a reply and a Motion to Strike Plaintiff's Summary Judgment Evidence on April 4, 2019.[21]

## II. **Standard of Review**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting

---

[20]See Plaintiff's Response to "Defendant's Motion for Summary Judgment on all Claims and Counterclaims and Brief in Support" ("Plaintiff's Response"), Docket Entry No. 25.

[21]See Defendants' Reply Brief in Support of Summary Judgment and Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence ("Defendants' Reply and Motion to Strike"), Docket Entry No. 26. Defendants' Motion to Strike will be denied as moot. The inadmissible documents attached to Plaintiff's Response did not materially affect the court's analysis.

Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

Plaintiff pleads claims against (1) the Trustee and SPS for breach of contract and (2) the Trustee, SPS, and MERS for quiet title.[22] Plaintiff also seeks declarations (1) that SPS and the

---

[22]See Amended Complaint, Docket Entry No. 15, pp. 6, 9. Plaintiff's Response includes briefing discussing a number of
(continued...)

Trustee failed to cure their violation of Article 16, § 50(a)(6)(B) of the Texas Constitution and (2) that SPS, the Trustee, and MERS lack standing to foreclose on the Property.[23]

**A.   Breach of Contract**

The Texas Constitution allows homeowners to voluntarily encumber their homesteads with a lien in return for an extension of credit. See Tex. Const. art. XVI § 50(a)(6). The Texas Constitution imposes various requirements on such home equity loans. See id. § 50(a)(6)(A)-(Q). For example, the amount of a home equity loan may not exceed eighty percent of the fair market value of the homestead to which it is attached (the "80% Rule"). See id. § 50(a)(6)(B).

Plaintiff claims that the Trustee and SPS breached the terms of the Loan by failing to cure a violation of the Texas Constitution.[24] She alleges that the Loan violates the 80% Rule because the amount financed through the Loan was more than 80 % of the value of the Property at the time the Loan was executed.[25] At

---

[22](...continued) causes of action not properly pled in her Amended Complaint, including common law fraud, wrongful foreclosure, unconscionable contract, breach of fiduciary duty, slander of title, and violations of the Texas Debt Collection Act. See Plaintiff's Response, Docket Entry No. 25, pp. 11-21. Plaintiff failed to assert these claims in her Amended Complaint and cannot properly add claims to this action in response to Defendants' MSJ.

[23]See Amended Complaint, Docket Entry No. 15, pp. 5-6 (standing to foreclose), pp. 8-9 (violation of the Texas Constitution).

[24]See Amended Complaint, Docket Entry No. 15, pp. 4, 6-10.

[25]See id. at 4.

closing, Plaintiff signed the FMV Acknowledgment, in which she acknowledged that the fair market value of the Property upon closing was $268,000.00. An appraisal of the Property stated that the value of the Property was $268,000.00.[26] The Loan was for $214,400.00, which is exactly 80% of $268,000.00.[27]

"Lenders may conclusively rely on a written acknowledgment by the property owner as to the fair market value of the homestead when it matches the value estimate in an appraisal prepared in accordance with state requirements for an extension of credit." Gonzalez v. U.S. Bank National Association as Trustee for RASC 2004KS12, By and Through its servicer-in-fact GMAC Mortgage, L.L.C., 548 F. App'x 118, 119 (5th Cir. 2013) (citing Tex. Const. art. XVI § 50(h)). Both the appraisal and the FMV Acknowledgment signed by Plaintiff recognize that the value of the Property upon closing was $268,000.00. Because the Loan was not for more than 80% of the fair market value of the Property, it complied with Article 16 § 50(a)(6)(B) of the Texas Constitution. Plaintiff has failed to present any evidence to corroborate her assertion that the Loan violates the 80% Rule. No genuine issues of material fact therefore remain with respect to Plaintiff's breach of contract claim against SPS and the Trustee. SPS and the Trustee are

---

[26]See Appraisal, Exhibit 1-E to SPS Declaration, Docket Entry No. 22-1, pp. 31-45.

[27]See Note, Exhibit 1-A to SPS Declaration, Docket Entry No. 22-1, p. 4 (listing the principal balance of the Note as $214,400.00).

entitled to summary judgment on Plaintiff's breach of contract claim and Plaintiff's corresponding claim for a declaration that SPS and the Trustee violated the Texas Constitution.

**B. Quiet Title**

A suit to remove cloud or to quiet title exists "'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex. App. -- Houston [1st Dist.] 2012, pet. denied) (quoting Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App. -- Waco 1980, writ ref'd n.r.e.)). The plaintiff has the burden of proof to establish his superior equity and right to relief. Id. To do so "the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Vernon v. Perrien, 390 S.W.3d 47, 61-62 (Tex. App. -- El Paso 2012, no pet.) (citation omitted). The plaintiff must recover on the strength of his own title, not on the weakness of the defendant's title. Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012); Ventura v. Wells Fargo Bank, N.A., Civil Action No. 4:17-075-A, 2017 WL 1194370, at *2 (N.D. Tex. March 30, 2017; Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Plaintiff asserts a quiet title claim against SPS, the Trustee, and MERS. Plaintiff alleges that "a controversy exists

whether [the Trustee], SPS, and MERS are the current valid holders or owners (or agents of the current holder or owner) of the underlying note or the current valid assignees of the [Security Instrument] (or agents of the current valid assignee of the [Security Instrument]) with standing to foreclose under Texas law."[28] Plaintiff argues that the Trustee and SPS lack standing to foreclose on the Property and that the Trustee's lien on the property is invalid.

While a mortgagee can be the original holder of a security interest, a mortgagee can also be the most recent assignee of record of a security interest. Tex. Prop. Code § 51.0001(4). The Trustee is the most recent assignee of record of the Security Instrument and holder of the Note, and is therefore the current mortgagee on the Loan.[29] As the mortgagee, the Trustee has all the rights in the Property that the Original Lender held at the time of the assignment, including the right to foreclose in the event that the borrower defaults.[30]

To the extent that Plaintiff challenges the Original Lender's ability to assign the Loan to the Trustee, Plaintiff lacks standing

---

[28]See Amended Complaint, Docket Entry No. 15, p. 5.

[29]See Note, Exhibit 1-A to SPS Declaration, Docket Entry No. 22-1, p. 4; Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 22-1, p. 9; Assignment by Original Lender to Trustee, Exhibit 1-F to SPS Declaration, Docket Entry No. 22-1, p. 46.

[30]See Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 22-1, pp. 17-21.

to contest the assignment. "[U]nder Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." Reinagel v. Deutsche Bank National Trust Co., 735 F.3d 220, 228 (5th Cir. 2013). Plaintiff, as the borrower on the Loan, therefore has no standing to challenge the Original Lender's assignment to the Trustee.

Plaintiff has failed to present any evidence showing that the Trustee's lien is invalid. Plaintiff's quiet title claim against the Trustee, and SPS in its capacity as the Trustee's servicer, fails because the Trustee has a valid lien on the Property. Plaintiff has also failed to present any factual allegations supporting a quiet title claim against MERS. MERS is an online mortgage registration database and claims no interest in the Property. The Trustee, and SPS as its servicer, have standing to foreclose on the Property, and Plaintiff is not entitled to a declaration that the Trustee or SPS lacks standing to foreclose. Defendants are therefore entitled to summary judgment on Plaintiff's quiet title claim and corresponding claim for a declaration that Defendants lack standing to foreclose.

## C. The Trustee's Request for an Order of Foreclosure

The Trustee argues that it is entitled to an order authorizing foreclosure and a declaration of its right to foreclose on the Property.[31] "Under Texas law, lenders have a substantive right to

---

[31]See Defendant's Original Counterclaims for Order Authorizing Judicial Foreclosure, Docket Entry No. 10, p. 4.

elect judicial or nonjudicial foreclosure in the event of a default." Douglas v. NCNB Texas National Bank, 979 F.2d 1128, 1130 (5th Cir. 1992). "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate the following: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) plaintiff[ is] in default under the note and security instrument; (4) plaintiff[] received notice of default and acceleration;" and (5) plaintiff is not a member of the National Guard or United States Military and has not applied for relief under the Soldier's and Sailor's Relief Act of 1940. Tex. Prop. Code Ann. § 51.002; Amaro v. Bear Stearns Residential Mortgage Corporation, No. 1:15-CV-74, 2016 WL 6775504, at *4 (S.D. Tex. March 31, 2016).

Defendants have established that a debt exists and that the debt is a secured lien created under Article 16, § 50(a)(6) of the Texas Constitution.[32] Defendants have also established that Plaintiff is in default.[33] The Texas Property Code requires the mortgage servicer to serve a debtor in default with a written notice by certified mail stating that the Note is in default and providing at least twenty days to cure the deficiency. Tex. Prop.

---

[32]See Note, Exhibit 1-A to SPS Declaration, Docket Entry No. 22-1, p. 4; Security Instrument, Exhibit 1-B to SPS Declaration, Docket Entry No. 22-1, p. 9.

[33]See Notice of Default, Exhibit 1-H to SPS Declaration, Docket Entry No. 22-1, p. 56.

Code Ann. § 51.002(d). Notice of Default was sent to Plaintiff on April 3, 2014.[34] A Notice of Acceleration was sent to Plaintiff on February 5, 2018.[35] All notices required by Texas law were therefore sent to Plaintiff, and Plaintiff was given sufficient time to cure her default. Plaintiff does not allege that she is a member of the military. Because Defendants have presented sufficient evidence to satisfy the requirements for an order of foreclosure under the Texas Property Code, their request for a judgment authorizing foreclosure will be granted.

## IV. Conclusion and Order

For the reasons explained above, no genuine issues of fact remain with respect to Plaintiff's breach of contract claim against SPS and the Trustee and Plaintiff's quiet title claim against SPS, the Trustee, and MERS. Because Plaintiff's substantive claims fail, Plaintiff is not entitled to declaratory relief.[36] Defendants are entitled to summary judgment on all of Plaintiff's claims. Defendants have also presented sufficient evidence that they are entitled to a judgment authorizing foreclosure.

---

[34]See id.

[35]See Notice of Acceleration, Exhibit 1-I to SPS Declaration, Docket Entry No. 22-1, p. 65.

[36]Where all substantive underlying claims have been dismissed, a claim for declaratory judgment cannot survive. Ayers v. Aurora Loan Services, L.L.C., 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011). Because Defendants are entitled to summary judgment on all of Plaintiff's substantive claims, Plaintiff's claim for declaratory relief is also subject to dismissal.

Defendants' Motion for Summary Judgment on All Claims and Counterclaims (Docket Entry No. 22) is **GRANTED**. Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence (Docket Entry No. 26) is **DENIED** as **MOOT**. Defendants' requested Final Judgment and Order of Foreclosure (Docket Entry No. 22-3) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 5th day of June, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE